UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

BRENT CANTRELL,                )
                               )
        Petitioner,             )
                               )
v.                              )       Nos. 4:02-cv-53 / 4:00-cr-08
                               )       *Edgar*
UNITED STATES OF AMERICA,      )
                               )
        Respondent.             )

## MEMORANDUM

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Brent Cantrell ("Cantrell"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

**I.      Standard of Review**

This Court must vacate and set aside Cantrell's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Cantrell "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the RULES GOVERNING SECTION 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Cantrell is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

## II. Factual Background

Cantrell pleaded guilty to conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 841 and 846. He was sentenced to a term of imprisonment of 87 months; his sentence was based upon a drug amount of 377 grams of methamphetamine, and included a two-level increase for presence of a firearm and a three-level decrease for acceptance of responsibility. In support of his § 2255 motion, Cantrell alleges he received ineffective assistance of counsel. The United States Attorney contends that Cantrell is not entitled to relief.

## III. Discussion

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-part test for determining whether an ineffective assistance of counsel claim is meritorious. The *Strickland* test first requires Cantrell to show that his attorney's representation was deficient, *i.e.*, fell below an objective standard of reasonableness.

2

Cantrell must show his counsel made such serious errors that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687-88; *Gravely v. Mills*, 87 F.3d 779, 785 (6th Cir. 1996); *Green v. United States*, 65 F.3d 546, 551 (6th Cir. 1995); *United States v. Medved*, 905 F.2d 935, 942 (6th Cir. 1990).

Second, Cantrell must also show that counsel's deficient performance prejudiced his case. *O'Hara v. Wigginton*, 24 F.3d 823, 838 (6th Cir. 1994); *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993). The issue is whether defense counsel's performance was so manifestly ineffective that defeat was snatched from the hands of probable victory. *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996); *Lewis*, 11 F.3d at 1352; *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). To satisfy the second element of the *Strickland* test, Cantrell has to establish a reasonable probability that, but for the errors of his attorney, the result of the criminal proceeding would have been different. *Strickland*, 466 U.S. at 694; *Mapes v. Coyle*, 171 F.3d 408, 425 (6th Cir. 1999); *Austin v. Bell*, 126 F.3d 843, 848 (6th Cir. 1997); *McQueen v. Scroggy*, 99 F.3d 1302, 1310-1311 (6th Cir. 1996); *Gravely*, 87 F.3d at 785; *West*, 73 F.3d at 84.

Cantrell alleges his attorney failed to advise him or the Court that she was not fully familiar with the U.S. Sentencing Guidelines. He specifically claims his attorney, at sentencing, failed to (1) object to the two-level increase for presence of a firearm, (2) argue for a downward departure under the safety valve, (3) argue for a reduction based upon his minor role in the offense, and (4) argue the foreseeability issue.

3

Cantrell claims that it was never established that he was aware of the presence of the firearm, thus he should not have been held responsible for the firearm, and his attorney therefore erred in failing to object to the two-level increase. Cantrell was arrested in the home of his co-conspirator, Leonard Murry. In the bedroom where Cantrell and Murray were apprehended there were various loaded firearms in a closet, along with methamphetamine, chemicals involved in the manufacture of methamphetamine, and a large amount of U.S. currency. Murray obviously possessed the weapons in furtherance of the conspiracy, which included Cantrell.

> Sentence enhancement for a co-conspirator's firearms possession is proper if three conditions are met: first, the possessor must be charged as a co-conspirator; second, the co-conspirator must be found to have been possessing a firearm in furtherance of the conspiracy; and third, the defendant who is to receive the enhanced sentence must have been a member of the conspiracy at the time of the firearms possession.

*United States v. Otero*, 890 F.2d 366, 367 (11th Cir. 1989).

All three conditions set forth in *Otero* were present in this case. Accordingly, Cantrell was subject to a sentence enhancement based upon possession of a firearm. *See also United States v. Tisdale*, 952 F.2d 934, 938 (1992) (two-level enhancement for possession of a firearm during drug conspiracy was proper because defendant "is accountable for conduct in furtherance of the conspiracy if the conduct was 'reasonably foreseeable' by the defendant") (citing *Pinkerton v. United States*, 328 U.S. 640, 648 (1946)); *United States v. Williams*, 894 F.2d 208, 211 (6th Cir. 1990) ("the act of possessing a firearm is attributable

4

to a co-conspirator not present at the commission of the offense as long as it constitutes reasonably foreseeable conduct").

Because Cantrell was subject to a sentence enhancement for possession of a firearm, his attorney did not render ineffective assistance of counsel by failing to object to the enhancement. *United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

Cantrell also claims he was eligible for a downward departure under U.S.S.G. §5C1.2, commonly known as the safety valve, and thus his attorney erred by failing to seek the departure. In order to be eligible for the safety valve, a defendant must meet five criteria:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a

>
> determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f).

Because a firearm was present in connection with the offense, Cantrell did not meet the safety valve criteria. *See United States v. Gross*, 77 Fed.Appx. 338, 2003 WL 22290207 (6th Cir. October 2, 2003) (unpublished opinion) (defendant who received firearm enhancement based upon co-conspirators' possession of weapons was properly denied safety valve reduction). Thus, his attorney did not render ineffective assistance of counsel in failing to seek a downward departure under the safety valve.

Cantrell further claims that he was eligible for a reduction in his offense level because he was a minor player, and thus his attorney erred by failing to seek the reduction. Pursuant to USSG §3B1.2(b), a defendant who was a minor participant in criminal activity should have his offense level decreased by two levels. A minor participant "means any participant who is less culpable than most other participants, but whose role could not be described as minimal." *Id.*, comment. (n.3) (2002 Guidelines Manual)[1].

At the time of his arrest, Cantrell had in his possession a receipt for items he had purchased that are associated with the manufacture of methamphetamine. Cantrell's co-conspirator Murray told officers that he had been cooking methamphetamine every two to three days, for approximately two months, and that Cantrell supplied the necessary chemicals for the "cooks." Cantrell admitted to being a co-conspirator. Under the circumstances, he

---

[1] Cantrell was sentenced pursuant to the 2000 version of the Sentencing Guidelines.

6

did not qualify for a reduction under USSG §3B1.2. *United States v. Owusu*, 199 F.3d 329, 338 (6th Cir. 2000) (to qualify for a sentence reduction for being a minor participant, a defendant must be "less culpable than the other participants or substantially less culpable than the average participant in the conspiracy"). Thus, his attorney did not render ineffective assistance of counsel by failing to pursue the reduction.

Finally, Cantrell claims that his attorney should have challenged his accountability for the conduct of others under the "reasonably foreseeable" doctrine. USSG §1B1.3 provides that a defendant's base offense level, specific offense characteristics, and sentence adjustments, in "the case of a jointly undertaken criminal activity," shall be based upon "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." *Id*. §1B1.3(a)(1)(B).

Cantrell specifically refers to the possession by Murray of the firearms and again claims that he should not have been held accountable for those firearms. Cantrell pled guilty to a drug conspiracy, however, and it is "reasonably foreseeable that members of the drug trafficking conspiracy would carry weapons in order to protect themselves and the activity in which they were engaged." *United States v. Tisdale*, 952 F.2d 934, 938 (6th Cir. 1992). Thus, as noted earlier, his attorney did not render ineffective assistance of counsel by failing to argue this issue.

Cantrell's attorney was successful in challenging the amount of drugs for which he was responsible. After reviewing the initial presentence report, counsel contacted the probation officer, who amended the presentence report. There is nothing in the record to suggest that counsel was not familiar with the sentencing guidelines. Any motions or objections that Cantrell claims his attorney should have pursued would have been frivolous. Accordingly, Cantrell has failed to satisfy either prong of the *Strickland* test and therefore he is not entitled to relief on his allegation of ineffective assistance of counsel.

**IV.** **Conclusion**

Cantrell is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

An order will enter.

>   */s/ R. Allan Edgar*
>  R. ALLAN EDGAR
>  CHIEF UNITED STATES DISTRICT JUDGE